UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN CARTER BROWN,

    Plaintiff,

    v.                                       CAUSE NO.: 3:19-CV-592-PPS-MGG

JEFF RICHWINE,

    Defendant.

OPINION AND ORDER

Steven Carter Brown, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Brown alleges that Jeff Richwine, the Pulaski County Sheriff, wrongfully detained him at the county jail from May 29, 2018, to June 18, 2019. According to Brown, Sheriff Richwine violated the Indiana Rules of Criminal

Procedure, which provides that, subject to several exceptions, criminal defendants should not be detained for more than six months without a trial. Ind. R. Crim. P. 4(A). Because he could not afford bail, he plead guilty, which resulted in a six year sentence and harm to his reputation. For his claims, he seeks money damages.

In the order screening the initial complaint, I denied Brown leave to proceed, reasoning as follows:

> Even if Brown's detainment violated State law, it is not clear how this amounts to a violation of his constitutional rights. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that a mere error of state law is not a denial of due process."). Brown does not complain about a lack of probable cause, which would suggest a violation of his Fourth Amendment right to be free from unreasonable seizures, but he may be attempting to assert that his yearlong detention violated his Fourteenth Amendment right to procedural due process. *See Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019); *Panfil v. City of Chicago*, 45 F. App'x 528, 533 (7th Cir. 2002). However, "[t]he Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished without due process of law." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). This means that "a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982). The complaint does not suggest that Brown was deprived of procedural safeguards in connection with his continued detention, and it is not clear what other constitutional violation Brown may be asserting. Therefore, he cannot proceed on this complaint.

ECF 7 at 2-3.

In the amended complaint, Brown maintains that he was deprived of his "constitutional right to be a free man," (ECF 12 at 2) but, as I have previously stated, the Constitution protects against continued detention only if it is accompanied by inadequate procedural safeguards. Brown does not allege that he was deprived of

2

avenues for challenging his continued detention under the Indiana Rules of Criminal Procedure or otherwise. Instead, he has provided correspondence from the jail commander advising him to raise his claim under Ind. R. Crim. P. 4(a) by filing a writ with the court. ECF 12 at 5. Because the amended complaint does not suggest that Brown was deprived of procedural due process, it does not state a claim.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim upon which relief may be granted.

SO ORDERED.

ENTERED: January 14, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT